IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GABRIEL NKENGFACK, *et. al.*, | * | |
|    *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB 09-1928 |
| HOMECOMINGS FINANCIAL, LLC, | * | |
|    *Defendant* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This matter is before the court on a Motion to Dismiss filed by Defendant Homecomings Financial, LLC, (Paper No. 17) and on a Motion to Remand filed by Plaintiff Gabriel Nkengfack (Paper No. 19). The parties' submissions have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). This Court finds that Plaintiff's Complaint does not raise a substantial federal issue necessary to support federal question jurisdiction. Therefore, Plaintiff's Motion to Remand is GRANTED. Defendant's Motion to Dismiss is DENIED as MOOT.

## BACKGROUND

In October 2006, Plaintiff Gabriel Nkengfack ("Nkengfack"), a Maryland resident, refinanced his home loan with Defendant Homecomings Financial, LLC ("Homecomings"), a provider of home mortgage loans. Compl. ¶ 4. Homecomings is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. Compl. ¶ 5. Nkengfack entered into an adjustable rate payment option mortgage with Homecomings, using his primary residence to secure the loan. Compl. ¶ 4. This type of mortgage, known as an "Option ARM mortgage," "gives the borrower multiple monthly payment options. When the borrower receives his or her monthly statement, it provides options to pay a minimum payment amount, an interest only

payment, a payment based on a 30-year amortization, or a payment based on a 15-year amortization." Compl. ¶ 10. The Complaint notes that:

> The minimum payment does not pay down any of the principal balance of the loan and only pays a portion of the interest that accrues on a monthly basis. The unpaid interest is then added to the balance of the mortgage, a process called 'negative amortization.' Once the balance reaches a set amount, in this case 115 percent of the original loan principal, the loan is automatically recast as a fully amortizing loan with a resulting monthly payment far higher than the payment the borrower had been previously making.

Compl. ¶ 13.

Nkengfack originally filed a putative class action complaint in this Court on October 20, 2008. In that complaint, Nkengfack asserted Homecomings failed to disclose clearly and conspicuously information material to the Option ARM agreement. He asserted that Homecomings failed to disclose that negative amortization was certain to occur if mortgagors made only minimum payments on their Option ARM loans. Nkengfack further asserted that these failures constituted violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, Maryland's Consumer Protection Act ("MCPA"), Md. Com. Law Code Ann. § 13-101, *et seq.*, and Maryland common law. *See Nkengfack v. Homecomings Financial*, No. RDB-08-cv-2746, 2009 U.S. Dist. LEXIS 50792 (D. Md. June 15, 2009) at *1.

This Court found that Nkengfack had properly alleged a TILA violation. *Id.* at *9. However, TILA remedies were unavailable to Nkengfack because he had failed to timely file his suit and because he failed to take the appropriate steps after Homecomings agreed to rescind his home loan. *Id.* at *10-*13. This Court rejected Nkengfack's attempt to assert a rescission claim on behalf of members of a putative class because "courts have repeatedly held that claims for rescission under TILA cannot be pursued on a class-wide basis." *Id.* at *12. Finally, this Court

declined to exercise supplemental jurisdiction over the state claims and dismissed them without prejudice. *Id.* at *17.

Nkengfack then filed the instant Complaint in the Circuit Court for Baltimore County. The Complaint seeks class action status, and makes many of the same allegations as the initial complaint. Compl. ¶ 1, 7. This Complaint, however, seeks remedies only under the Maryland Consumer Protection Act and Maryland common law. It does not seek remedies under the federal Truth in Lending Act.

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Homecomings removed the case to this court on July 22, 2009, arguing that the disposition of Nkengfack's claims requires application of federal law. Homecomings contends that the court considering Nkengfack's claims will have to determine the extent to which TILA preempts the MCPA, specifically, whether the disclosures Nkengfack claims are appropriate under state law are preempted by TILA's disclosure requirements. Notice of Removal ¶ 6. Homecomings asserts that this determination must be made by this Court.

Homecomings filed the instant Motion to Dismiss Nkengfack's claims on August 31, 2009. Nkengfack filed an opposition to Homecomings' motion to dismiss, as well as a Motion to Remand the case to state court on September 15, 2009 and September 16, 2009, respectively.

## STANDARD OF REVIEW

Because Nkengfack asserts that this Court lacks subject matter jurisdiction over his claims, his Motion to Remand will be addressed as a threshold matter. Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States has original jurisdiction." 28 U.S.C. §

1441(a) (2009).  Among those cases over which the federal district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2009).

The burden of establishing federal jurisdiction is placed upon the party seeking removal, and removal jurisdiction is strictly construed.  *Mulcahy v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Mulcahy*, 29 F.3d at 151; *Taylor v. Giant Food, Inc.*, No. DKC 2004-cv-710, 2004 U.S. Dist. LEXIS 50206 at *3 (D. Md. Sept. 13, 2004).  If federal jurisdiction is doubtful, the Fourth Circuit has held that remand is necessary.  *Mulcahy*, 29 F.3d at 151.  Courts favor remand of cases turning primarily on questions of state law because "needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 729 (1966); *Taylor*, No. DKC 2004-cv-710, 2004 U.S. Dist. LEXIS 50206 at *3.

ANALYSIS

Nkengfack argues that removal was improper because "there remain issues to be addressed in state court, for example, whether Defendant's TILA violation constitutes a violation of Maryland's Consumer Protection Act, and whether Plaintiff has stated a claim for violation of the covenant of good faith and fair dealing."  Pl.'s Reply Mem. in Supp. of Mot. to Remand at 2. Homecomings, on the other hand, asserts that federal jurisdiction is proper under the "arising under" pathway of 28 U.S.C. § 1331, arguing that the "claims asserted in the Complaint

necessarily turn on the disposition of substantial questions of federal law." Notice of Removal ¶ 4. Homecomings alleges that the disposition of Nkengfack's claims will require this Court to determine what form and content federally-mandated Truth in Lending Act disclosures are permitted to take. Notice of Removal ¶ 6.

Although there is no single, precise test for determining federal jurisdiction under these conditions, this Court has previously noted that "the Supreme Court has emphasized that this ["arising under"] pathway into federal court is reserved for the rarest of cases, and should not be permitted as a matter of course." *Varco v. Tyco Elec. Corp.*, No. RDB 2008-cv-1215, 2009 U.S. Dist. LEXIS 21934 at *8 (D. Md. March 16, 2009) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The Supreme Court has further instructed that federal jurisdiction is appropriate when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal jurisdiction is inappropriate in this case because Nkengfack's claims fail to meet the high standard set out by the Supreme Court in *Grable*.

**I.     Nkengfack's Complaint Does Not Raise a Substantial Federal Question**

The parties do not dispute that Nkengfack's claim under the Maryland Consumer Protection Act is based on Homecomings' alleged violation of the federal Truth in Lending Act. However, this is not substantial enough a federal issue to merit federal jurisdiction.

The Supreme Court has made it clear that "it takes more than a federal element to open the 'arising under' door." *See Empire Healthchoice*, 547 U.S. at 701; *Varco*, No. RDB 2008-cv-1215, 2009 U.S. Dist. LEXIS 21934 at *11. As Nkengfack has made no attempt to renew his initial claims for relief under TILA, this Complaint seeks only state law remedies. This case is

unlike *Grable*, which centered on a federal agency's compliance with a federal statute. Here, the connection to a federal issue is significantly more tenuous: the parties are non-governmental and the claims are of state law violations. *Compare Grable*, 545 U.S. at 313, *with Empire Healthchoice*, 547 U.S. at 700, *and Varco*, No. RDB 2008-cv-1215, 2009 U.S. Dist. LEXIS 21934 at *15. Further, as this Court has previously described at length, there are no federal remedies available to Nkengfack. *See Nkengfack v. Homecomings Financial*, No. RDB-08-cv-2746, 2009 U.S. Dist. LEXIS 50792 (D.M.D. June 15, 2009) (granting defendant's motion to dismiss the complaint because the TILA remedies sought by plaintiff were unavailable). That a court must determine the extent to which an alleged TILA violation also violates Maryland law is not significant enough to merit federal jurisdiction.

Though Homecomings argues otherwise, *see* Mem. in Supp. of Def.'s Mot. to Dismiss at 2, this Court finds that Nkengfack's MCPA claims are not necessarily preempted by TILA. The Truth in Lending Act was not intended to fully preempt the field of credit transaction disclosures. The act itself explicitly states that it "[does] not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this title, and then only to the extent of the inconsistency." 15 U.S.C. § 1610(a)(1) (2009). Many courts have found that TILA neither conflicts with nor preempts state laws that bar deceptive or fraudulent business practices. *See, e.g., Williams v. First Gov't Mortg. & Investors Corp.*, 176 F.3d 497, 500 (D.C. Cir. 1999) (holding that TILA neither conflicted with nor preempted the District of Columbia Consumer Protection Procedures Act, which provides "substantive protections for borrowers against unconscionable loan terms and provisions"); *Quezada v. Loan Center of Cal., Inc.*, No. WBS 2008-cv-177, 2008 U.S. Dist. LEXIS 96479 at *10-12 (E.D. Cal. Nov. 24, 2008) (holding that

TILA did not preempt the plaintiff's claims that a mortgage lender violated California's Unfair Competition Law by failing to disclose clearly its adjustable rate payment option mortgage loan terms); *Travelers Indemnity Co. v. Jim Coleman Automotive of Columbia, LLC*, 236 F. Supp.2d 513, 517 (D.M.D. 2002) ("TILA has been held not to have pre-emptive effect on local laws imposing more burdensome restrictions on lenders (as Maryland's does), so long as they are not inconsistent.")

There is nothing in the Maryland Consumer Protection Act that inherently conflicts with TILA.  The MCPA generally prohibits "any unfair or deceptive trade practice . . . in . . . [t]he extension of consumer credit."  Md. Code Ann., Com. Law § 13-303 (2009).  By enacting the MCPA, the General Assembly intended to "take strong protective and preventive steps to investigate unlawful consumer practices, to assist the public in obtaining relief from these practices, and to prevent these practices from occurring in Maryland."  *Id*. at §13-102(b)(3).  The MCPA does not address particular methods by which creditors may disclose information to consumers, nor does it provide model disclosure forms that creditors may implement.

In contrast, the "Truth in Lending Act has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers."  *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (internal citations omitted).  TILA and its implementing Regulation Z provide detailed information about the types of disclosures creditors and lessors must make.  *See, generally*, 15 U.S.C. §§ 1601 *et seq.*, 1631 *et seq.*, 1661 *et seq.* (2009); 12 C.F.R. § 226 *et seq.* (2009).  Regulation Z further provides model disclosures that creditors may use.  12 C.F.R. § 226 Appendix H (2009).  Though certain types of disclosures are required, the Truth in Lending Act itself notes that the model forms it provides to creditors are not mandatory formats.  15 U.S.C. § 1604(b) ("Nothing in this subchapter may be construed to

require a creditor or lessor to use any such model form or clause prescribed by the [Federal Reserve] Board under this section.")

### II.     Hearing this Case Would Upset the Congressionally Approved Balance of Federal and State Judicial Responsibilities

As the *Grable* court noted, "even when state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto." 545 U.S. at 313. Granting federal jurisdiction in this case would also be inappropriate because it would upset the balance between federal and state judicial responsibilities. Nkengfack's claims are not rare. Similar lawsuits have been brought across the country in recent years. *See, e.g., Jordan v. Paul Fin., LLC*, No. SI 07-cv-04496 2009, U.S. Dist. LEXIS 56701 (N.D. Cal. July 1, 2009); *Amparan v. Plaza Home Mortg.*, No. JF 07-cv-4498, 2008 U.S. Dist. LEXIS 109148 (N.D. Cal. December 17, 2008); *Quezada*, No. WBS 2008-cv-177, 2008 U.S. Dist. LEXIS 96479; *Rose v. SLM Financial Corp.*, No. DCK 2005-cv-445, 2007 U.S. Dist. LEXIS 14646 (W.D.N.C. February 28, 2007). A Maryland court ought to determine the viability of claims arising under Maryland law.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. Defendant's Motion to Dismiss is DENIED as MOOT. A separate ORDER follows.


Dated: November 6, 2009                    /s/_____
                                           Richard D. Bennett
                                           NUnited States District Judge